**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2683
_____

JOHN KOVACS; DIAMOND CONSTRUCTION;
STATEWIDE CONSTRUCTION PERSONNEL, INC.,
Appellants
v.

STATE OF NEW JERSEY DEPARTMENT OF LABOR & WORKFORCE
DEVELOPMENT; STATE OF NEW JERSEY OFFICE OF ADMINISTRATIVE LAW;
JOHN DOE 1-10; JOHN DOE AGENCIES; JOSEPH PETRECCA;
KEVIN M. TRIPLETT; LISA JAMES-BEAVERS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:18-cv-17583)
District Judge: Hon. Freda L. Wolfson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 25, 2021

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*

(Filed: March 26, 2021)
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

If the target of a state enforcement action thinks the action violates federal law, ordinarily he must make that point to the enforcement agency—not to a federal court. Because that rule applies here, we will affirm.

New Jersey hired two construction companies to fix some roads. When the project was over, the New Jersey Department of Labor audited the companies to check if they had complied with state wage laws. It found that they had not, and indeed that they had interfered with the investigation. So the agency fined the companies and their owner, John Kovacs. It launched an administrative proceeding to enforce the fine and ban the companies from bidding for future contracts.

Kovacs thought the proceeding was illegal. He reasoned that because New Jersey had paid for the construction with a federal grant, the state could not bring its own enforcement action. He sued in federal court and asked the court to enjoin the state proceeding. The District Court refused and dismissed the case under *Younger v. Harris*, 401 U.S. 37 (1971). If Kovacs thought the proceeding was illegal, it reasoned, he should argue that to the agency. Kovacs appeals to us. We review the District Court's abstention de novo. *PDX North, Inc. v. Comm'n N.J. Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 881 n.11 (3d Cir. 2020).

"[A]bsent extraordinary circumstances," federal courts should not interfere with state enforcement proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013). Courts should not enjoin those proceedings unless they involve "important state interests" and

give parties "an adequate opportunity" to raise federal defenses. *Middlesex*, 457 U.S. at 432. New Jersey's enforcement action is a civil enforcement proceeding. *See Sprint*, 571 U.S. at 79; *Zahl v. Harper*, 282 F.3d 204, 209 (3d Cir. 2002). But Kovacs argues that the proceeding does not further an important state interest and will prevent him from making his federal defense. We disagree.

First, New Jersey has an important interest in enforcing its laws. Kovacs claims that the state's interest is slight because he allegedly underpaid only himself. But the state also accuses him of lying to its investigators. New Jersey surely has an important interest in punishing *that*. Kovacs makes no argument to the contrary.

Second, Kovacs can raise his federal defense in the administrative proceeding. *Zahl*, 282 F.3d at 210. In arguing otherwise, he relies on a New Jersey Department of Law decision that said the department could not rule on "federal law claims." *Hruszko v. N.J. Dep't of Lab. & Workforce Dev.*, 2017 N.J. AGEN LEXIS 1008, at *22 (Div. Civ. Rts. July 17, 2017). But unlike the complainant in that case, Kovacs need not bring a separate federal *claim* to make his point; he can assert it as a *defense*. Even if the agency refused to hear his argument, he could always seek review in the New Jersey courts. N.J. Ct. R. 2:2-3(a)(2). They certainly can hear his defense. *Zahl*, 282 F.3d at 210.

Because New Jersey has a strong interest in enforcing its laws and will let Kovacs air his federal defenses, the District Court rightly refused to interfere. We will affirm.